Cuña, per

Frost, J.
The plaintiff had been the factor of the defendant, who owed the plaintiff a large balance. The plaintiff drew an order on the defendant, in favor of W. Coulette, for the amount mentioned in the report. It was not accepted or paid. Before the plaintiff was informed of the non-acceptance, he sent the defendant an account current, in which the amount of the order was credited. Afterwards, the plaintiff sued for the balance of the account. The defendant offered in evidence the account current in his possession, and it is said the jury, in their verdict, deducted the amount of the order. This action is brought to recover the amount of that order. The plaintiff offered in evidence at the trial, the former judgment and verdict, and proposed to prove by one of the jurors who rendered the verdict in the first case, that the amount of this order had been deducted. The presiding Judge excluded the proof and non-suited the plaintiff, on the ground, that the judgment in the first action was conclusive between the parties of the whole matter in issue, and that the cause of action thereby decided, or any part thereof, could not again be litigated.
The court is of opinion the non-suit was properly ordered. In LeGreen vs. Governeur, 1 Johns. Ca. 436, Kent, J. remarks, “ every person is bound to take care of his own rights and vindicate them in due season and in proper *622 order. This is a sound and salutary principle in law. Accordingly, if a defendant, having the means of defence in his power, neglects to use them, and suffers a recovery to be had against him by a competent tribunal, he is forever precluded. The general rule is intended to prevent litigation and preserve peace; and were it otherwise, men would never know when they might repose with security on the decisions of courts of justice, and judgments solemnly and deliberately given, might cease to be revered, as being no longer the end of controversy and the evidence of right.” This comprehensive exposition of the law, is well sustained by the uniform current of decisions. In Marriott vs. Hampton, 7 D. & B. 265, the defendant had formerly sued the plaintiff for goods sold and delivered, for which the plaintiff had, before the suit, paid and obtained the defendant’s receipt. Not being able, however, to find the receipt, he was obliged to pay the money again. Having after-wards found the receipt, he brought an action to recover the money so wrongfully enforced in payment. Lord Kenyon, in delivering his opinion, says, “it often happens that new trials are applied for, on the ground of evidence supposed to have been discovered after the trial, and they are as often refused. After a recovery by process of law, there must be an end of litigation, otherwise there would be no security to any person. I cannot, therefore, ever consent to grant a rule to shew cause, lest it should imply a doubt.” And Lawrence, J. alluding to a case cited by the plaintiff’s counsel, says, “it goes the length of establishing this, that every species of evidence which was omitted by accident to be brought forward at the trial, may still be of avail in a new action to overhaul the former judgment; which is too preposterous to be stated.” So where A sued B for not doing work in a proper and skilful manner, and it appeared that B had before sued A, to obtain payment of the identical work, in which A’s claim in the present action was urged by him, and erroneously rejected by the court, who gave judgment for B’s claim, at the price stipulated between the parties, yet it was held that A could not sustain his action; for the ground of it was matter of defence in the former suit, and he should have pursued his remedy then by certiorari to reverse that *623 judgment, and could not over-haul it in a colateral proceeding. Gant vs. Button, 14 Johns. R. 377. To the same effect are the cases of Kist vs. Atkinson, 2 Camp. 63; Moody vs. Thurston, 1 Stra. 81; Loomis vs. Pulver, 9 J. R. 244, and many others.
Richardson, O’Neall, Evans, Butler and Wardlaw, JJ. concurred.